IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADRIAN W. BATES, | ) | No. C 06-3825 TEH (PR) |
| Plaintiff, | )<br>) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, DENYING** |
| vs. | )<br>) | **LEAVE TO PROCEED IN FORMA PAUPERIS AND INSTRUCTIONS TO** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al, | )<br>)<br>) | **THE CLERK**<br><br>**(Docket no. 2)** |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, a prisoner of the state of California formerly incarcerated at San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also filed a motion seeking leave to proceed in forma pauperis (docket no. 2). This order dismisses the complaint and DENIES leave to proceed in forma pauperis as moot (docket no. 2).

## DISCUSSION

Plaintiff's complaint challenges Plaintiff's detention as a result of a parole violation proceeding in which Plaintiff alleges that his rights were violated and he received a sentence "a year past my discharge date." Plaintiff's complaint seeks relief in the form of release from custody and a reversal of the guilty finding on the parole violation.

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners

1  seek redress from a governmental entity or officer or employee of a governmental entity.
2  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims,
3  and dismiss any claims which are frivolous, malicious, fail to state a claim upon which
4  relief may be granted, or seek monetary relief from a defendant who is immune from
5  such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See
6  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8  elements:  (1) that a violation of a right secured by the Constitution or laws of the United
9  States was violated, and (2) that the alleged deprivation was committed by a person
10  acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).
11  B.   Legal Claim
12       In this case, Plaintiff has improperly filed his claim as a civil rights action.
13  Traditionally, challenges to prison conditions have been cognizable only via § 1983,
14  while challenges implicating the fact or duration of confinement must be brought
15  through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).
16       Any claim by a prisoner attacking the validity or duration of his confinement must
17  be brought under the habeas sections of Title 28 of the United States Code.  Calderon v.
18  Ashmus, 523 U.S. 740, 747 (1998); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A
19  prisoner must bring a habeas petition if the nature of his claim is such that it would
20  necessarily imply the invalidity of his conviction or continuing confinement.  Butterfield
21  v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).
22       A district court may construe a habeas petition by a prisoner attacking the
23  conditions of his confinement as a civil rights action under 42 U.S.C. § 1983.
24  Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  The opposite is not true, however:  a
25  civil rights complaint seeking habeas relief should be dismissed without prejudice to
26  bringing it as a petition for writ of habeas corpus.  Trimble v. City of Santa Rosa, 49
27
28                                           2

F.3d 583, 586 (9th Cir. 1995).

In this case, Plaintiff's claims necessarily imply the invalidity of his continuing confinement and his parole violation conviction. As such, they are DISMISSED without prejudice.

## CONCLUSION

Based on the foregoing, leave to proceed in forma pauperis is DENIED as moot and no fee is due (docket no. 2). The Clerk of Court shall close the file and enter judgment in accordance with this order.

SO ORDERED.

DATED: 04/09/07

THELTON E. HENDERSON
United States District Judge

3